BOLIN, Judge.
W. C. Pardue instituted this action against W. M. Lasyone to judicially establish a boundary between contiguous lots owned by the parties in the Town of Dodson, Louisiana. Lasyone reconvened asserting a boundary had been established by mutual consent of the parties at the time of the sale of the property and requesting the deed be reformed to comply with the agreement. For written reasons the trial judge rejected plaintiff’s demands and rendered judgment in favor of defendant, plaintiff in reconvention, reforming the deed. From this decree plaintiff appeals.
In 1958 Pardue purchased the E-i/£ of Lots 19, 20 and 21, Block 14, in the Town of Dodson. On November 2, 1960, Pardue sold to Lasyone the E-J4 of Lot 19. At the time of this sale Lasyone was residing in a three-room house, located on the purchased lot, which he was renting from Par-due. The act of conveyance included the improvements which was intended to be the house Lasyone was renting. There were no visible boundaries separating the lots delineated on the plat. Pardue testified he was on the property the day he sold it to Lasyone and that he informed the purchaser he did not know where the boundary was to the south but that “it was about 12 feet south of the little building that was sitting there when he moved in”.
The trial judge, in his written opinion, stated: “Counsel for plaintiff admits in his brief that if the south boundary of the house extends no further south than it did at the time of the sale, then the deed from plaintiff to defendant should be reformed to include the disputed portion.” While we find no stipulation, in this record to substantiate such admission by counsel, the testimony is uncontradicted the boundary was agreed upon by Pardue and Lasy-one as being approximately 12 feet south of the house as it was situated at the time of the sale. In this connection it is to be noted Pardue owns the property to the south so the possibility of encroaching on the property of a third party presents no problem.
The real issue is whether additions were made on the south side of the house by Lasyone after the sale. Pardue contends the south line of the house was extended and Lasyone says it was not.
Numerous witnesses, other than plaintiff and defendant, testified concerning the type of alterations made to the house after it was purchased by Lasyone. Except for plaintiff there were only two witnesses offered by plaintiff who testified additions had been made to the south side of the house. Plaintiff offered the testimony of two other witnesses who said additions had been made to the house hut they were unable to say on which side they were built.
Three witnesses corroborated defendant’s positive testimony that no additions were made on the south side of the house. Grady Jones, who lived in the house before it was purchased by Lasyone, said additions had been made to the north and west sides of the house but that the south line had remained unchanged. Dennis Boyette said he had been familiar with the house since 1959, at which time his father lived there. He testified the south wall of the house was in the same place that it was in 1959. John Thomas Hudson, son of the person who sold the property to Pardue, testified he had been familiar with the property for approximately thirty-two years. He was positive that while additions had been made on the north and west sides of the house none had been made on the south side.
After reviewing the testimony the district judge concluded:
“The preponderance of the evidence establishes that while additions have been made to this house on the north and west sides, the south line of the house remains *589 as it was at the time the defendant purchased the property.”
Having found the boundary between plaintiff’s and defendant’s property to be 12 feet south of the house, the lower court rendered judgment in favor of plaintiff in reconvention, W. M. Lasyone, and against defendant in reconvention, W. C. Pardue, correcting and reforming the description of the property conveyed by Pardue to Lasyone on November 2, 1960, to conform to the correct boundary. We find no error in the judgment appealed from and since the property is described with particularity in the judgment we will not repeat it in this opinion.
The judgment appealed from is affirmed at appellant’s cost.